Larry W. McFarland (Bar No. 129668)
E-Mail: lmcfarland@kmwlaw.com
Dennis Wilson (Bar No. 155407)
E-Mail: dwilson@kmwlaw.com
David K. Caplan (Bar No. 181174)
E-Mail: dcaplan@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
E-Mail: cvaras@kmwlaw.com
Tara D. Rose (Bar No. 256079)
E-Mail: trose@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363

Attorneys for Plaintiff
ZYNGA GAME NETWORK INC.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZYNGA GAME NETWORK INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JASON WILLIAMS, an individual, LUNA MARTINI, an individual, and JOHN DOES 1-5 D/B/A MW GROUP<br><br>Defendants. | CASE NO. CV 10 1022 PVT<br><br>**COMPLAINT FOR:**<br><br>(1) VIOLATION OF 15 U.S.C. § 1125(a); (2) VIOLATION OF 18 U.S.C. § 1030; (3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200; (4) VIOLATION OF CALIFORNIA PENAL CODE § 502; (5) STATE COMMON LAW TRADEMARK INFRINGEMENT; (6) COMMON LAW PASSING OFF AND UNFAIR COMPETITION;(7) BREACH OF CONTRACT; (8) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; (9) TRESPASS TO CHATTELS<br><br>**DEMAND FOR JURY TRIAL** |

CASE NO._____
COMPLAINT

Plaintiff Zynga Game Network Inc. ("Zynga") brings this Complaint against defendants Jason Williams, Luna Martini and John Does 1-5, d/b/a "MW Group" (collectively "Defendants") for injunctive relief and damages under the laws of the United States and the State of California.

### Nature of the Action

1. This is an action for violation of the federal Lanham Act, 15 U.S.C. §§ 1125(a); violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; violation of the California statutory law of unfair competition, Cal. Bus. & Prof. Code § 17200; violation of California Penal Code § 502; California common law trademark infringement, passing off and unfair competition; breach of contract; intentional interference with contractual relations; and for trespass to chattels.

### The Parties

2. Plaintiff Zynga is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in San Francisco, California.

3. On information and belief, Defendant Jason Williams is an individual currently residing in San Francisco, California.

4. On information and belief, Defendant Luna Martini is an individual currently residing in San Francisco, California.

5. Zynga is currently unaware of the identities of Defendants John Does 1-5 ("Defendants"), and therefore sues such defendants by such fictitious acronyms. Zynga is informed and believes that discovery will reveal the true identities of the Defendants. Zynga will amend this Complaint to identify Defendants by name after their identities are discovered.

6. On information and belief, the actions alleged herein to have been undertaken by Defendants were undertaken by each Defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated or otherwise encouraged, and are actions for which each Defendant is liable. Each Defendant aided and abetted the actions of the Defendants set forth below, in that each Defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part. Each of the

Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of each and every one of the other Defendants.

### Jurisdiction and Venue

7. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1125(a), as well as the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; state unfair competition law; California Penal Code § 502; the common law of trademark infringement, passing off and unfair competition; breach of contract; the common law of intentional interference with contractual relations, and the common law of trespass to chattels. This Court has jurisdiction of the federal claims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121, and 1125. This Court has supplemental jurisdiction of the state unfair competition claims under 28 U.S.C. § 1338(b), those claims being joined with a substantial and related claim under the Trademark Laws of the United States, and supplemental jurisdiction of all of the state law claims under 28 U.S.C. § 1367(a), those claims being so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b), and because Defendants have consented to venue in this district.

### Intradistrict Assignment

9. This being an Intellectual Property Action, the Court's Assignment Plan provides for assignment of this Action on a district-wide basis. To the extent this Action may be deemed to have arisen in a particular county within this District, that county is San Francisco County on the grounds that a substantial part of the events or omissions which give rise to Zynga's claims occurred in San Francisco County, where Zynga is located.

### Factual Allegations

10. Zynga is the largest social gaming company, providing, *inter alia*, online poker games, word games, board games, role playing games and party games including Zynga Poker, Mafia Wars, YoVille, Vampires, Street Racing, Scramble and Word Twist. Zynga's games are

available on Facebook, MySpace, Bebo, Hi5, Friendster, Tagged, Yahoo!, the iPhone and iPod Touch, among others.

11. Zynga's games have been a runaway success. In July, 2008, Zynga had over 1.3 million daily active users and 20 million registered users. As of January 1, 2009, Zynga had over 75 million registered users. As of May 2009, Zynga had more than 9.5 million daily users. Today, Zynga has over 100 million unique users playing its games every month.

12. One of Zynga's most popular properties is Mafia Wars (the "Game"), a computer game for use on wireless devices and computers that allows users to start a Mafia family with their friends and compete to become the most powerful family.

13. Zynga coined the service mark MAFIAWARS and has made use of the service mark MAFIA WARS in commerce since September 2008. Zynga coined the trademark MAFIAWARS and has made use of the trademark MAFIA WARS in commerce since April 2009. The MAFIA WARS trademark and service mark are referred herein collectively as the "mark".

14. Zynga's success and the success of the MAFIA WARS mark have been widely reported in the press, on the Internet and in blogs. As of February, 2009, the Game had over 1.1 million daily active users. As of July, 2009, the Game had more than 4 million daily active users. As of December, 2009, the Game had over 7 million daily active users.

15. The mark MAFIA WARS is inherently distinctive, and furthermore, by virtue of the extensive online sales and advertising under the mark MAFIA WARS, the MAFIA WARS mark has become well-known within social gaming circles as a source identifier for the Game.

16. Zynga currently owns United States Federal Trademark Application Serial No. 77772110 for the mark MAFIA WARS in International Class 009 for downloadable computer game software for use on wireless devices and computers, and International Class 041 for entertainment services, namely, providing on-line computer games.

17. Zynga makes the Game available through social networking websites and applications (collectively "Providers"), including but not limited to those identified in Paragraph 10 above.

18. Zynga owns or leases the computer servers that players must access in order to play the Game. Zynga grants players who participate in the Game a revocable license to access its servers for the purpose of playing the Game.

19. Zynga's Terms of Service govern users' play of the Game, and players who use the Game must consent to the Terms of Service.

20. Players who use the Game in a manner not expressly authorized by Zynga, including without limitation in violation of the Terms of Service, are not authorized to participate in the Game, or to access Zynga's servers.

21. When users sign up with Zynga to play the Game, they receive a certain amount of "Virtual Currency" that they use to compete in the Mafia Wars game with other players using the Providers' sites and/or applications. Players can increase their total amount of "Virtual Currency" through their play, and can also purchase "Virtual Currency" from Zynga.

22. Players use "Virtual Currency" to purchase various virtual, in-Game digital items ("Virtual Goods").

23. Zynga grants players a limited, revocable license to use the "Virtual Currency" or "Virtual Goods" while playing the Game, but retains sole and exclusive ownership of the "Virtual Currency" or "Virtual Goods" and the source code that allows the "Virtual Currency" or "Virtual Goods" to be used in the Game.

24. Zynga has not authorized any third party to sell the "Virtual Currency" or "Virtual Goods" required to play the Game.

25. Among other things, the Terms of Service that govern users' play of the Game prohibit users from selling "Virtual Currency" or "Virtual Goods" for real-world money or otherwise exchanging "Virtual Currency" or "Virtual Goods" for anything of value outside the Game.

26. Without Zynga's authorization or approval, Defendants have created and currently operate websites at the Internet domain names MWBLACKMARKET.COM, MAFIAWARSDIRECT.COM and MWFEXPRESS.COM (the "Websites" or the "Domain Names"), possibly among others.

27. Through the Websites, Defendants "sell" "Virtual Goods" that users, playing the Game through the Providers' websites and/or applications, can use to compete with other players who obtained their "Virtual Goods" directly from Zynga.

28. Defendants advertise and "sell" these "Virtual Goods" using the MAFIA WARS mark and/or confusingly similar misspellings or variations of the MAFIA WARS mark.

29. Defendants "sell" "Virtual Goods" for use in the Game for real-world money, and at prices that are substantially lower than the prices paid by users who obtain their "Virtual Goods" from Zynga.

30. Defendants have used the Game itself as part of their scheme, transferring the "Virtual Goods" they "sell" during game play in contravention of the Game's terms of service and/or security measures, and in violation of the license they received from Zynga to participate in the Game.

31. Zynga has never authorized Defendants to use the mark MAFIA WARS or to "sell" "Virtual Goods" for use in the Game, nor has Zynga authorized Defendants to use the Game to transfer "Virtual Goods" that Defendants have "sold" to players through the Websites.

## **FIRST CAUSE OF ACTION**

**(False Designation of Origin Regarding the Mark MAFIA WARS)**

**(15 U.S.C. § 1125(a))**

32. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

33. Defendants' use of the mark MAFIA WARS and/or of confusingly similar misspellings or variations thereof constitutes use of a false designation of origin or false and misleading representation in interstate commerce that wrongfully and falsely designates, describes and represents that Defendants' products and services are connected, affiliated or associated with Zynga, and is likely to cause confusion as to Defendants' affiliation, connection or association with Zynga, or as to the origin, sponsorship, or approval of Defendants' products or services by Zynga in violation of 15 U.S.C. §1125(a).

34. Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

## SECOND CAUSE OF ACTION

### (Violation of the Federal Computer Fraud and Abuse Act)

### (18 U.S.C. § 1030)

35. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

36. Zynga's computer servers are involved in interstate and foreign commerce and communication, and are protected under 18 U.S.C. § 1030(e)(2).

37. Defendants have intentionally accessed Zynga's computer servers without authorization and/or in excess of authorized access, and through interstate or foreign communication, obtained information from Zynga's computers in violation of 18 U.S.C. § 1030(a)(2)(c).

38. Defendants have, knowingly and with intent to defraud, accessed Zynga's computer servers without authorization and/or in excess of authorized access, furthered the intended fraud, and obtained something of value, in violation of 18 U.S.C. § 1030(a)(4).

39. Defendants' actions have caused loss to one or more persons, including without limitation Zynga, in a one year period aggregating at least $5,000 in value.

40. Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

## THIRD CAUSE OF ACTION

### (California Statutory Unfair Competition)

### (California Business and Professions Code § 17200, *et seq.*)

41. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

42. Defendants compete directly with Zynga by "selling" the "Virtual Goods" that are required to play the Game.

43. Defendants are making unauthorized commercial use of the mark MAFIA WARS and/or of confusingly similar misspellings or variations thereof in a deliberate, willful, intentional and wrongful attempt to trade on Zynga's goodwill, reputation and financial investments in the mark MAFIA WARS.

44. By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair and/or fraudulent ongoing business practices in violation of California Business & Professions Code § 17200.

45. As a direct result of Defendants' unfair competition with regard to the mark MAFIA WARS, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Zynga.

46. Defendants' illegal and unfair business practices are continuing, and injunctive relief pursuant to California Business and Professions Code § 17203 is necessary to prevent and restrain further violations by Defendants.

47. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## FOURTH CAUSE OF ACTION

**(Violation of California Penal Code § 502)**

48. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

49. Zynga is the owner or lessee of the computers, computer systems, computer network, computer programs and data that operate the Game.

50. Defendants have knowingly accessed and without permission made use of data from Zynga's computers, computer systems and computer network in order to wrongfully control or obtain money, property, or data in violation of California Penal Code § 502(c)(1)(B).

51. Defendants have knowingly accessed and without permission taken, copied or made use of data from Zynga's computers, computer systems, or computer network in violation of California Penal Code § 502(c)(2).

52. Defendants have knowingly and without permission used computer services in violation of California Penal Code § 502(c)(3).

53. Defendants have knowingly and without permission disrupted or caused the disruption of computer services or denied or caused the denial of computer services to authorized users of Zynga's computers, computer systems, and computer network in violation of California Penal Code § 502(c)(5).

54. Defendants have knowingly and without permission provided or assisted in providing a means of accessing Zynga's computers, computer systems and computer networks in violation of California Penal Code § 502. *See* California Penal Code § 502(c)(6).

55. Defendants have knowingly and without permission accessed or caused to be accessed Zynga's computers, computer systems and computer network in violation of California Penal Code § 502(c)(7).

56. Defendants' actions as alleged herein have caused Zynga to suffer damage and loss.

57. Defendants' actions as alleged herein have been oppressive, fraudulent or malicious. Zynga requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of Defendants.

58. Defendants' actions as alleged herein have caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and are also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

59. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1367.

### FIFTH CAUSE OF ACTION

**(Common Law Trademark Infringement of the Mark MAFIA WARS)**

60. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

61. Defendants' unauthorized use of the mark MAFIA WARS and/or of confusingly similar misspellings or variations thereof constitutes trademark infringement and is likely to cause confusion, deception and mistake among the consuming public and trade as to the source of, and authorization for the products and/or services sold by Defendants in violation of the common law of the State of California.

62. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

63. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of infringement joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

## SIXTH CAUSE OF ACTION

**(California Common Law Passing Off and Unfair Competition)**

64. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

65. By virtue of their conduct as alleged herein, Defendants have engaged and are engaging in unfair competition and passing off under the common law of the State of California.

66. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

67. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Zynga and in conscious disregard of Zynga's rights, and were malicious, oppressive and/or fraudulent. Zynga requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of Defendants.

68. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

### SEVENTH CAUSE OF ACTION

#### (Breach of Contract)

69. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

70. By participating in the Game, Defendants have agreed to be bound by the Terms of Service governing use of the Game as alleged above.

71. Zynga has performed all conditions, covenants and promises required to be performed on its part in accordance with the Terms of Service except as excused by Defendants' failure to perform all conditions, covenants and promises required to be performed on Defendant's part.

72. By "selling" "Virtual Goods" for use in the Game through the Websites, and by using the Game itself to transfer the "Virtual Goods" they sell, Defendants have breached the Terms of Service.

73. Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

74. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1367.

### EIGHTH CAUSE OF ACTION

#### (Intentional Interference with Contractual Relations)

75. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

76. Zynga has existing valid contracts with users of the Game.

77. Zynga is informed and believes, and on that basis alleges, that Defendants have knowledge of those contracts, and that Defendants have acted intentionally to induce a breach or disruption of those contractual relationships by "selling" "Virtual Goods" for the Game without

authorization, at prices that are substantially lower than the prices paid by users who obtain their "Virtual Goods" from Zynga, and by distributing "Virtual Goods" to users in a manner prohibited by the Terms of Service.

78. Defendants' actions as alleged herein have caused actual disruption or breach of Zynga's contractual relationships with individual users.

79. Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

80. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1367.

## NINTH CAUSE OF ACTION

### (Trespass to Chattels)

81. Zynga repeats, realleges and incorporates each and every allegation of the foregoing paragraphs, as though fully set forth in this cause of action.

82. Zynga has a possessory interest in the servers that Defendants have used to access the Game and in the virtual "Virtual Goods" Defendants sell.

83. Defendants have intentionally and without authorization interfered with Zynga's possessory interest in the servers and the "Virtual Goods" by using the servers to conduct their unauthorized and unlawful activities as alleged herein.

84. Defendants' conduct as alleged herein has caused and will continue to cause Zynga irreparable harm for which there is no adequate remedy at law, and is also causing damage to Zynga in an amount which cannot be accurately computed at this time but will be proven at trial.

85. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Zynga and in conscious disregard of Zynga's rights, and were malicious, oppressive and/or fraudulent. Zynga requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of Defendants.

86. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1367.

**REQUEST FOR RELIEF**

Zynga requests that this Court:

A. Enter a permanent injunction enjoining Defendants and their officers, directors, agents, employees, representatives and all persons or entities acting in concert or participation with Defendants from accessing or using Zynga's computer servers, including without limitation the Game or any other games or applications that Zynga makes available, for any purpose whatsoever;

B. Enter a permanent injunction enjoining Defendants and their officers, directors, agents, employees, representatives and all persons or entities acting in concert or participation with Defendants from using the mark MAFIA WARS and/or confusingly similar misspellings or variations thereof, alone or in combination with any other words or phrases, in a manner that is likely to cause confusion with respect to the mark MAFIA WARS or with respect to Zynga's approval or authorization of Defendants' actions, including but not limited to enjoining Defendants from registering any Internet domain names containing the term MAFIA WARS and/or of confusingly similar misspellings or variations thereof, alone or in combination with any other terms;

C. Enter a permanent injunction enjoining Defendants and their officers, directors, agents, employees, representatives and all persons or entities acting in concert or participation with Defendants from accessing, playing, or otherwise participating in the Game, or in any other game or application that Zynga makes available;

D. Enter a permanent injunction enjoining Defendants and their officers, directors, agents, employees, representatives and all persons or entities acting in concert or participation with Defendants from buying, selling, offering for sale, advertising, exchanging, trading or otherwise dealing in "Virtual Goods" for use in the Game, as well as any currency or items used in any game or application that Zynga makes available.

E. Enter a permanent injunction requiring Defendants and their officers, directors, agents, employees, representatives and all persons or entities acting in concert or participation with Defendants to immediately cease any conduct suggesting or tending to suggest that any products or

services they advertise or offer for sale are directly or indirectly sponsored or approved by, or affiliated with Zynga;

  F. Order the transfer of the Domain Names, and any other Internet domain names Defendants are using in connection with the sale, offering for sale, advertisement, or exchange of "Virtual Goods" for use in the Game, to Zynga;

  G. Enter a finding that Defendants' actions were willful, deliberate, and malicious;

  H. Enter a finding that Defendants' actions were malicious, oppressive and/or fraudulent;

  I. Award Zynga damages in an amount to be proven at trial that will be trebled pursuant to the applicable statute, as well as pre-judgment and post-judgment interest;

  J. Enter an order, pursuant to 15 U.S.C. § 1118 and other applicable law, directing Defendants to deliver for destruction all products in their possession or under their control that infringe Zynga's intellectual property rights;

  K. Award Zynga punitive damages in an amount sufficient to punish and deter Defendants;

  L. Enter an award of attorneys' fees and costs; and

  M. Award any such other and further relief as this Court deems just and proper.

**PLAINTIFF ZYNGA HEREBY DEMANDS A TRIAL BY JURY.**

Dated: March 10, 2010    By: _____
                Dennis L. Wilson
                Keats McFarland & Wilson LLP
                Attorneys for Plaintiff
                ZYNGA GAME NETWORK, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Zynga Game Network Inc. hereby demands a trial by jury on all issues for which a jury trial may be had.

Dated: March 10, 2010

Respectfully submitted,

KEATS MCFARLAND & WILSON LLP

By: _____
Dennis L. Wilson
Attorney for Plaintiff
ZYNGA GAME NETWORK INC.