UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZYNGA GAME NETWORK INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JASON WILLIAMS, an individual, LUNA MARTINI, an individual, and JOHN DOES 1-5 D/B/A MW GROUP,<br><br>　　　　Defendant.<br>_____ | Case No. CV-10:01022 JF (PVTx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ZYNGA'S MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**<br><br>**[Docket No. 9]** |

**INTRODUCTION**

Plaintiff Zynga Game Network, Inc. ("Zynga") moves to conduct third party discovery on GoDaddy.com, Inc. ("GoDaddy"), Microsoft Office Live ("Microsoft"), and PayPal, Inc. ("PayPal"). The purpose of the motion is to obtain discovery to identify and locate the defendants Jason Williams, Luna Martini and John Does, d/b/a "MW Group." (Motion for Leave to Conduct Third Party Discovery, 1:4.) Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Plaintiff Zynga's motion is GRANTED in part and DENIED in part as follows.

**BACKGROUND**

Zynga is a social gaming company that provides, *inter alia*, online poker games, word

1  games, board games, role playing games and party games.  In addition to being available on its
2  website, Zynga makes its games available through social networking websites and applications, such
3  as Facebook, MySpace, Bebo, Hi5, Friendster, Tagged, Yahoo!, the iPhone and iPod Touch, among
4  others.  Plaintiff has undertaken efforts to protect its name and mark, including availing itself of
5  protections provided by a Federal Trademark Registration.

6       Mafia Wars (the "Game") is one of Zynga's most popular games in which users can start a
7  Mafia family with their friends and compete to become the most powerful family.  Zynga has made
8  use of the service mark MAFIA WARS in commerce since September 2008, and of the trademark
9  MAFIA WARS since April 2009.  Zynga currently owns Trademark Application Serial No.
10 77772110 for the mark MAFIA WARS in International Classes 009 and 041.  As of December 2009,
11 the Game had over 7 million daily users.

12      When users sign up with Zynga to play the Game, they receive a certain amount of "Virtual
13 Currency" that can be used to compete with other players.  Players can increase their total number of
14 "Virtual Currency" either by their play or by purchase from Zynga.  Players use this "Virtual
15 Currency" to purchase various virtual, in-Game digital items ("Virtual Goods").

16      Users can additionally earn Virtual Goods by either doing "jobs" or playing the Game.
17 Zynga allows users to use the "Virtual Currency" or Virtual Goods while playing the Game, but
18 retains sole and exclusive ownership of them and of the source code that allows them to be used in
19 the Game.  Zynga has not authorized any third party to sell the "Virtual Currency" or Virtual Goods
20 required to play the Game.  Users are informed in the Terms of Service that they are prohibited from
21 selling "Virtual Currency" or Virtual Goods for real-world money or for exchanging "Virtual
22 Currency" or Virtual Goods for anything of value outside of the Game.

23      In the present action, Zynga has alleged claims against Defendants for the unauthorized sale
24 of Zynga Virtual Goods through the Internet domain names MAFIAWARSDIRECT.COM,
25 MWBLACKMARKET.COM, and MWFEXPRESS.COM.  Through these domain names,
26 Defendants sell Virtual Goods that users, playing the Game through the Providers' websites and/or
27 applications, can use to compete with other players who obtained their Virtual Goods directly from
28 Zynga.  Defendants use Zynga's MAFIA WARS mark and similar variations of it in advertising and

for selling Virtual Goods. Plaintiff has never authorized Defendants to use the MAFIA WARS mark, sell Virtual Goods for use in the Game, or transfer Virtual Goods that Defendants have "sold" to players through the Infringing Websites.

**LEGAL STANDARD**

Rule 45 authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control. *See* FED. R. CIV. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules." *See* Advisory Committee Notes (1970). Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)." *See* FED. R. CIV. P. 34(a). Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *See* FED. R. CIV. P. 26(b). Discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *See Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Ca. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch,* 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*See* FED. R. CIV. P. 26(b)(2)(C)(i)-(iii).

Rule 26(d)(1) further states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." *See* FED R. CIV. P. 26(d)(1). The Ninth Circuit applies the "good cause" standard in determining whether discovery should proceed prior to a Rule 26(f) conference. *See In re*

*Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *See Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Additionally, good cause is frequently found in cases involving claims of infringement and unfair competition. *See id.*

## DISCUSSION

### I. Four Part Test Described in *Columbia Insurance Co. v. Seescandy.com*

In support of its motion, Plaintiff cites to the four part test in *Columbia Ins. Co. v. Seescandy.com.* The four parts include: (1) identifying the Defendants with enough specificity to allow the Court to determine whether the Defendants are a real person or entity who could be sued in federal court; (2) recounting the steps taken to locate the defendant; (3) showing that its action could survive a motion to dismiss; and (4) filing a request for discovery with the Court identifying the persons or entities on whom discovery process might be served. *See Columbia Insurance Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999). Plaintiff argues that this framework should be applied to the present case and on that basis, the court should allow Plaintiff to conduct limited discovery to locate and identify Defendants.

Plaintiff argues that it meets the four part test set forth above. First, the Defendants are individuals or entities who have created and operated the infringing websites in violation of federal and state laws. Second, Plaintiff tried to discover Defendants' identities by examining information in the public Whois Internet domain name database, analyzing the links to third-party websites, examining the source code of the infringing website, and trying to contact Defendants at the physical addresses listed on the Whois database information page. Third, Plaintiff has shown that Defendants have committed various trademark and service mark violations. Fourth, the limited discovery sought from the third-parties here will likely allow Plaintiff to identify and name Defendants. Based on the above, Plaintiff's request to conduct discovery regarding the identity of the defendants is GRANTED in part and DENIED in part.

### II. Document Requests

In Plaintiff's proposed order, Plaintiff seeks document requests from two web hosting sites,

including GoDaddy and Microsoft Office Live, as well as from PayPal. For the two web hosting sites, the proposed subpoena states that Zynga may obtain "all billing and account records (including all Internet domain names), server logs, website content, contact information, transaction histories and correspondence for the persons or entities that have purchased services from [pertinent hosting site name] in connection with the Internet domain names MWBLACKMARKET.COM, MAFIAWARSDIRECT.COM and MWFEXPRESS.COM."

The proposed subpoena for PayPal states that Plaintiff may obtain "all billing and account records, server logs, contact information, transaction histories and correspondence for the persons or entities that have established accounts with PayPal, Inc. using any or all of the email addresses mafiawarsblackmarket@gmail.com, mwfexpress@gmail.com, mafiawarsdirect@gmail.com, jwilliams1980@ymail.com and lmartini888@gmail.com to carry on business through the Infringing Websites."

Plaintiff states that the purpose of the limited discovery is to obtain the true identities and locations of Defendants. However, the proposed subpoenas would allow Plaintiff to not only obtain discovery regarding Defendants' identities but also discovery regarding any "person[] or entit[y] that ha[s] purchased services from" one of the above listed web hosting sites. (*See* Docket No. 9-1.) Additionally, the subpoenas call for all server logs, website content, and other information that is linked, however remotely, to MWBLACKMARKET.COM, MAFIAWARSDIRECT.COM and/or MWFEXPRESS.COM. In order to comply with the requirements of a "limited" discovery, Plaintiff must narrow the scope of the subpoenas to only determine Defendants' true identities and locations. *See* FED. R. CIV. PROC. 4 (in order to effectuate service of notice, identity and location of the individual must be known); *Mansoori v. Lappin*, 2005 U.S. Dist. LEXIS 28587 (D. Kan. Sept. 21, 2005) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 n.1 (1971)) (identity and location of unknown defendants was needed before service was complete). To seek discovery beyond that scope exceeds the "limited" discovery allowed for in Plaintiff's stated purpose. *See UMG Recordings, Inc. v. Doe*, 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. Sept. 2, 2008) (as part of limited discovery, third parties were contacted to obtain identity and location of unknown defendants).

**CONCLUSION**

For the foregoing reasons,

Plaintiff Zynga Game Network Inc.'s Motion for Leave to Conduct Third Party Discovery is GRANTED in part and DENIED in part.[1]

Plaintiff Zynga may serve a subpoena on third-party GoDaddy.com, Inc. to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the owner(s) of MWBLACKMARKET.COM, MAFIAWARSDIRECT.COM and MWFEXPRESS.COM, or similar information suitable for identification and location of defendants.

Plaintiff Zynga may serve a subpoena on third-party Microsoft Office Live to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the owner(s) of MWBLACKMARKET.COM, MAFIAWARSDIRECT.COM and MWFEXPRESS.COM, or similar information suitable for identification and location of defendants.

Plaintiff Zynga may serve a subpoena on third-party PayPal, Inc. to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the person or entities that have established accounts with PayPal, Inc. using the email addresses mafiawarsblackmarket@gmail.com, mwfexpress@gmail.com, mafiawarsdirect@gmail.com, jwilliams1980@ymail.com and lmartini888@gmail.com.

IT IS SO ORDERED.

Dated:  May 20, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] Denial of certain discovery is without prejudice to a renewed motion on further showing. Additionally, leave of court is required for any "follow-up" subpoenas.