**E-Filed 6/28/11**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ZYNGA GAME NETWORK INC., <br><br> Plaintiff, <br><br> v. <br><br> JASON WILLIAMS, an individual, LUNA MARTINI, an individual, WAN-WEN KUO, an individual, and JOHN DOES 4-5 D/B/A MW GROUP, <br><br> Defendants. | Case No. 5:10-cv-01022-JF (PVT) <br><br> ORDER[1] GRANTING MOTION FOR DEFAULT JUDGMENT; AND GRANTING MOTION FOR ATTORNEYS' FEES <br><br> [Docket No. 43, 48] |

Plaintiff Zynga Game Network, Inc. ("Zynga") moves for default judgment against Defendants Jason Williams, Luna Martini, and Wan-Wen Juo, and for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). Defendants did not file opposition or appear at the hearing. For the reasons discussed below, the motions will be granted.

///

///

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

**A.   Factual history**

Zynga is a social gaming company.[2] This action involves "Mafia Wars," a game played on wireless devices and computers (the "Game"). When users sign up with Zynga to play the Game, they receive a certain sum of "Virtual Currency" that they use to purchase various in-Game digital items ("Virtual Goods"). Players can increase their total amount of "Virtual Currency" through their play and also can purchase additional "Virtual Currency" from Zynga. Zynga has not authorized any third party to sell the "Virtual Currency" or "Virtual Goods" required to play the game. The terms of service that govern the Game prohibit users from selling or exchanging "Virtual Currency" or "Virtual Goods" for real-world money or anything of value outside the Game. Zynga alleges that Defendants have established unauthorized websites that "sell" "Virtual Goods" for real-world money.

**B.   Procedural history**

Zynga filed the instant action on March 10, 2010. Zynga's motion to serve Defendants by electronic mail was granted on March 25, 2011. Defendants were served on March 28, 2011, but have not appeared in the action. Default was entered as to each of the Defendants on May 2, 2011.

## II. MOTION FOR DEFAULT JUDGMENT

Default judgments are governed by Fed. R. Civ. P. 55. Where, as here, claims are not for a certain sum, default may only be entered by the court upon application by the plaintiff. Zynga attests that to the best of its knowledge none of the Defendants are not infants or incompetent persons, nor within the ambit of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq*. Thus the decision to grant default judgement lies within the discretion of the Court. *See Dabu v. Becks Creek Indus.*, No. CV-08:5626, 2009 U.S. Dist. LEXIS 119737, at *3 (N.D. Cal. Sept. 23, 2009) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

"[U]pon default the factual allegations of the complaint, except those relating to the

---

[2]   "Zynga" is a registered United States Trademark, No. 3,685,749.

amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560 (citing *Pope v. United States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Based on the allegations alleged in the first amended complaint, and good cause appearing, the Court will grant Zynga's motion for default judgment.

## II.  MOTION FOR ATTORNEYS' FEES

### A.  Legal Standard

The Lanham Act provides that "in exceptional cases" of trademark infringement a court "may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A case is exceptional when "'the infringement is malicious, fraudulent, deliberate or willful.'" *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) (quoting *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993)). "In an award of 'reasonable attorney fees' pursuant to the Lanham Act, a party cannot recover legal fees incurred in litigating non-Lanham Act claims unless 'the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims.'" *Id.* at 1069 (quoting John W. Crittenden & Eugene M. Pak, *Monetary Relief Under Lanham Act Section 35*, *in* Litigating Copyright, Trademark & Unfair Competition Cases for the Experienced Practitioner 1998, 419). "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

### B.  Discussion

Zynga seeks $22,419 in attorneys' fees. "[U]pon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)). Zynga alleges in its operative

pleading that Defendants' trademark infringement was malicious and willful (*see* First Amended Complaint ¶ 44), and upon default, such allegations are sufficient to establish that this is an "exceptional" case for purposes of 15 U.S.C. § 1117(a).

Zynga has submitted the billing records of its attorneys, David Caplan, Tara Rose, and Dennis Wilson. (Caplan Decl. ¶¶ 4, 5.) Caplan has more than fifteen years of intellectual property litigation experience; he billed at $460 per hour in 2010 and $495 in 2011; and he spent 15.3 hours working on the instant matter. (*Id.* at ¶¶ 4, 11.) Rose has two years of litigation experience; she billed at $230 per hour in 2010 and $285 in 2011; and she spent 59.2 hours working on the instant matter. (*Id.* at ¶¶ 7, 16.) Wilson has more than eighteen years of intellectual property litigation experience, bills at $495 per hour, and spent 2.4 hours working on the instant matter. (*Id.* at ¶¶ 4, 13.) The time that Plaintiff's counsel have spent on the case appears to be reasonable, particularly in light of the third-party discovery that was necessary to attempt service through traditional means. The hourly rates of the attorneys are reasonable in comparison to the results of a survey of the rates of intellectual property attorneys conducted in 2008 by the American Intellectual Property Association. (*Id.*, Ex. 1.) Accordingly, the Court finds that Plaintiff's request for $22,419 in attorneys' fees is appropriate.

## II. ORDER

Good cause therefor appearing, it is hereby ordered that the motion is granted as follows:

(1) Defendants are ordered to account for and to disgorge to Zynga all profits from their sale of "Virtual Goods" for use in the Game.

(2) Defendants and their affiliates, agents, servants, employees, representatives, successors, assigns, and any person, corporation or other entity acting under Defendants' direction or control, or in active concert or participation with Defendants, are immediately and permanently enjoined throughout the world from:

    a.    Directly or indirectly using the MAFIA WARS trademark and any other mark, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of, or that is confusingly similar to, or that is identical with, or substantially

1         indistinguishable from, the MAFIA WARS mark on or in connection with any
2         goods or services;

3   b.   Infringing any of Zynga's intellectual property rights in any manner, including
4         but not limited to the MAFIA WARS Mark, any copyrights owned by Zynga, or
5         any other rights owned by Zynga related to the Game;

6   c.   Engaging in any conduct that tends falsely to represent that, or is likely to
7         confuse, mislead or deceive purchasers, Defendants' customers and/or members
8         of the public to believe that, the actions of Defendants are connected with Zynga,
9         are sponsored, approved, or licensed by Zynga, or are in any way connected or
10        affiliated with Zynga;

11   d.   Affixing, applying, annexing, or using in connection with the manufacture,
12        distribution, advertising, sale, and/or offering for sale or other use of any goods or
13        services, a false description or representation, including words or other symbols,
14        tending to falsely describe or represent such goods as being those of, or
15        authorized by, Zynga;

16   e.   Registering any Internet domain name that includes the MAFIA WARS Mark, or
17        any variations or misspellings thereof, whether alone or in combination with any
18        other term(s) or character(s);

19   f.   Accessing, directly or indirectly, any computer server or computer system owned,
20        leased, or operated by Zynga for any reason whatsoever, including without
21        limitation any server or computer that provides access to the Game, or to any
22        other game or application published by Zynga;

23   g.   Advertising, purchasing, selling, trading, exchanging, profiting from, accepting or
24        processing payments for, or facilitating or participating in any way in the
25        advertisement, purchase, sale, trade, or exchange of "Virtual Goods" for use in
26        the Game or any virtual item used in any Zynga game or application;

27   h.   Otherwise competing unfairly with Zynga in any manner; and

28

i. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(h) above.

The motion for attorneys' fees also is granted. Defendants shall pay Zynga $22,419.00 for reasonable attorneys' fees incurred in bringing this action.

DATED: June 27, 2011

_____
JEREMY FOGEL
United States District Judge